UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81008-CIV-MARRA

OGES FADAEL,

Plaintiff,

vs.

PALM BEACH COUNTY
SCHOOL DISTRICT,

Defendant.
_____________________________________/

**OPINION AND ORDER**

This cause is before the Court upon Defendant The School Board of Palm Beach County, Florida's[1] Motion for Summary Judgment (DE 81), filed July 31, 2008. The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On May 2, 2008, Plaintiff Oges Fadael ("Plaintiff" "Fadael") filed his Third Amended Complaint ("TAC") (DE 77), alleging discrimination on the basis of national origin against Defendant The School Board of Palm Beach County, Florida ("Defendant" "School Board"). Count I of the TAC is entitled "Title VII: National Origin Discrimination - Disparate Treatment, Failure to Promote by Principal Stratos" and Count II is entitled "Title VII: National Origin

[1] Defendant states that although Plaintiff sued "Palm Beach County School District," the correct entity to be sued is "The School Board of Palm Beach County, Florida." (DE 81 at 1 n.1).

Discrimination - Retaliation by Principal Stratos.[2] The TAC alleges that Defendant unlawfully discriminated against Plaintiff for failing to promote him (Count I) and for retaliating against him for filing a charge with the Equal Employment Opportunity Commission ("EEOC") (Count II).[3]

The facts as culled from the TAC, affidavits, exhibits and depositions, and reasonably inferred therefrom in a light most favorable to Plaintiff, for the purpose of this motion, are as follows:

At the beginning of the 2003-2004 school year, Plaintiff, who is of Haitian descent, was hired as a guidance counselor at Carver Middle School. (TAC ¶ ¶ 1, 14.) Mary Stratos ("Stratos") was the principal of Carver Middle School during the relevant time period. (TAC ¶ 16.) Plaintiff had previously approached Ms. Stratos about becoming an assistant principal and she stated that she could hire him as a guidance counselor at Carver Middle School and, should

---

[2] Paragraphs 1, 3, 45, 53 and 56 of the TAC reference 42 U.S.C. § 1981. Neither party mentions any claims brought pursuant to this statute in the instant motion. Of course, claims based on national origin as opposed to race are not cognizable under 42 U.S.C. § 1981. Tippie v. Spacelabs Med., Inc., 180 Fed. Appx. 51, 56 (11th Cir. 2006) ("by its very terms, section 1981 applies to claims of discrimination based on race, not national origin"); Bullard v. OMI Georgia, Inc., 640 F.2d 632, 634 (5th Cir. 1981) (discrimination based purely on national origin does not give rise to a cause of action under section 1981, but recognizing that the line between race and national origin is an "extremely difficult one to trace"); see also Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987) (to establish a claim under section 1981, an Arab plaintiff must show that he was discriminated against because he was born an Arab, rather than due to his nation of origin). (The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)). The allegations in the TAC make clear that Plaintiff's claim is based on his Haitian national origin, and not race. (TAC ¶ ¶ 26, 28, 38, 40, 48.) Although the Court notes that even if this claim could be construed as a race-based claim, the legal elements for a claim for disparate treatment liability under Title VII are identical to a section 1981 claim. See Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1985).

[3] Plaintiff concedes that Count III of the TAC should be dismissed (Resp. at 2.)

an assistant principal position arise at that school, he would be given first priority. (Pl. Dep. 11.) In April of 2005, Plaintiff applied for an assistant principal position at Carver Middle School. (TAC ¶ 16.) Ms. Stratos instead hired Cheryl Houle, a white non-Haitian female. (TAC ¶ 25.) Plaintiff states that Ms. Houle was a good friend of other school administrators. (Pl. Dep. 42.) Plaintiff believes that he "met all the requirements" to be an assistant principal and was "the best qualified in any way, shape or form." (Pl. Dep. 33.)

After Plaintiff was passed over the assistant principal position, Ms. Stratos told him that he was being transferred to an elementary school, which was a demotion. (TAC ¶ 30; EEOC Compl., attached to DE 1.) In September of 2005, Plaintiff filed a grievance with the school district's labor relations department regarding this transfer. (TAC ¶ 32.) That department held that the transfer constituted a violation of the governing contract and ordered Plaintiff returned to Carver Middle School. (TAC ¶ 32.) According to Plaintiff, when he returned to Carver Middle School, he was assigned an office in the girls' locker room which lacked air conditioning or a telephone. (Pl. Aff. ¶ 29, attached to DE 1; Pl. Dep. 35.) Plaintiff filed an EEOC complaint on November 26, 2005, detailing the transfer and the unfavorable office placement as evidence of retaliation.[4] (EEOC Compl.)

In moving for summary judgment, Defendant contends that Plaintiff is unable to establish a prima facie case for his failure to promote and retaliation claim. With respect to the failure to promote claim, Defendant concedes that Plaintiff is a member of a protected class, was qualified for and applied for the assistant principal position and was rejected for that position. Defendant

[4] Plaintiff claims that Ms. Stratos' deposition testimony reflects that Ms. Stratos transferred Plaintiff after finding out that he had filed an EEOC complaint. (DE 83 at 7 citing Stratos Dep. 39.) However, the record citation cited by Plaintiff does not support this contention.

contends, however, that Plaintiff is unable to demonstrate that Ms. Houle was equally or less qualified. With respect to the retaliation claim, Defendant argues that Plaintiff cannot establish a prima facie case because the alleged adverse employment action occurred prior to the date when Plaintiff filed an EEOC complaint. In response, Plaintiff points out that Defendant has not demonstrated that Ms. Houle was more qualified than Plaintiff. With respect to the retaliation claim, Plaintiff contends that Ms. Stratos knew about Plaintiff's EEOC complaint when she transferred him. In reply, Defendant asserts Ms. Stratos had a legitimate business reason for hiring Ms. Houle.

II. Summary Judgment Standard

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. Id. at 324.

The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); see also Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted). The Court must "avoid weighing conflicting evidence or making credibility determinations." Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). Rather, the determination is whether there are any genuine issues of fact which should properly be resolved by the fact finder because they can be resolved in favor of either party. Anderson, 477 U.S. at 250.

## III. Legal Discussion

### A. Title VII Failure to Promote Claim [5]

#### 1 McDonnell Douglas Framework

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where direct evidence of discrimination is unavailable, a Title VII plaintiff may establish a prima facie case of discrimination through circumstantial evidence under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973); see Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997).

Under that framework, the plaintiff must "create an inference of discrimination through his prima facie case." Vessels v. Atlanta Independent School System, 408 F.3d 763, 767 (11th Cir. 2005). If a prima facie case has been shown, then the defendant must "articulate some legitimate, nondiscriminatory reason for the [adverse employment action]." McDonnell Douglas, 411 U.S. at 802. The defendant's burden is one of production; it need not persuade the court that it was actually motivated by the proffered reasons. See Chapman v. A1Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (internal citations and quotations omitted).

[5] Count I of the TAC is labeled "National Origin Discrimination-Disparate Treatment, Failure to Promote." Defendant moved for summary judgment on Count I by separating that one count into a "disparate treatment" and a "failure to promote" claim. The factual allegations of the TAC make clear that Count I is a failure to promote claim. In response to the motion, Plaintiff appropriately responds to Count I as only a failure to promote claim. The Court notes that facts in Title VII cases tend to vary and the specific elements of the prima facie case set forth in McDonnell Douglas may not be applicable to differing factual situations. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n.13 (1973). Here, the correct legal framework to analyze the facts of this case is the legal standard set forth in failure to promote cases.

If the defendant satisfies the burden of production, the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment action. See Chapman v. A1Transport, 229 F.3d 1012, 1024 (11th Cir. 2000); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.").

With respect to establishing a prima facie case of discrimination for a failure to promote, the plaintiff must establish four elements. The first three elements are: (1) he/she belonged to a protected class; (2) he/she applied and qualified for a job which the employer was seeking to fill and (3) he/she was denied the position. Vessels, 408 F.3d at 768. Regarding the fourth element, there are "two conflicting lines of precedent" in the Eleventh Circuit. Walker v. Mortham, 158 F.3d 1177, 1188 (11th Cir. 1998). The first line of precedent, which dates back to a 1980 case, Crawford v. Western Elec. Co., Inc., holds that the plaintiff must establish that the position was filled by a person who is not a member of the plaintiff's protected class. Crawford v. Western Elec. Co., Inc., 614 F.2d 1300 (5th Cir. 1980); Walker, 158 F.3d at 1193. The subsequent line of precedent, first established in Perryman v. Johnson Prods. Co., holds that the plaintiff must establish both that the position was filled by a person who was not a member of the protected class and who possessed equal or lesser qualifications. Perryman v. Johnson Prods. Co., 698 F.2d 1138 (11th Cir. 1983). Recent decisions by the Eleventh Circuit have followed both lines of

precedent.[6] Compare Denney v. City of Albany, 247 F.3d 1172, 1183 (11th Cir. 2001) (relative qualifications required) with Vessels, 408 F.3d at 768 (relative qualifications not part of prima facie case). The instant case does not require the Court to choose between these differing lines of precedent. Regardless of which prima facie standard is applied, Defendant has failed to show there is no material issue of disputed fact as to Plaintiff's prima facie case.

Applying the prima facie standard articulated in Crawford, Defendant does not dispute that the individual hired for the assistant principal position is non-Haitian. Thus, under the Crawford standard, there is no question that a prima facie case is established. The Court will therefore address the Perryman standard and examine whether Defendant has demonstrated that there is no genuine issue of material fact that the individual hired possessed better qualifications than Plaintiff. The Court finds that Defendant has not met this burden.

In making this determination, the Court notes that Defendant, as the moving party, has confused its burden at the summary judgment stage. Although establishing a prima facie case will be Plaintiff's burden at trial, at the summary judgment stage, it is Defendant's burden to show that there is no disputed issue of fact regarding Plaintiff's prima facie case. Defendant must point to "materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." Clark, 929 F.2d at 608. Moreover, on a motion for summary judgment, Defendant must do so before the burden shifts to Plaintiff to demonstrate that there is a material issue of fact. Id. Defendant has not done this. Defendant only points to Plaintiff's statements that he was the most qualified applicant and that Ms. Houle was a good

---

[6] Indeed, as pointed out by Defendant, this Court included relative qualifications as part of the prima facie case in deciding a recent failure to promote case. Ramsay v. Broward County Sheriff's Office, No. 05-61959-CIV, 2008 WL 111304, at * 7 (S.D. Fla. Jan. 8, 2008).

friend of school administrators. Based on that evidence, Defendant concludes that "Plaintiff has provided no evidence that Ms. Houle was equally or less qualified than he beyond his self-serving statements." (DE 81 at 7.) Pointing to Plaintiff's own statements, however, does not show that Plaintiff will not be able to meet its burden at trial to show that Ms. Houle was equally or less qualified. To accomplish that, Defendant must produce evidence that Ms. Houle was the better qualified applicant. Neither Defendant's memorandum of law nor its statement of material facts identifies any record evidence that demonstrates Ms. Houle was more qualified than Plaintiff.

In fact, it is not until Defendant's reply memorandum that Defendant even highlights evidence regarding Ms. Houle's qualifications.[7] (Reply at 6.) Raising an argument in a reply memorandum does not provide Plaintiff with an opportunity to address Defendant's contentions. As such, the Court will not consider these arguments. See Rule 7.1(C) of the Southern District of Florida ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); Tallahassee Mem. Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief") citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984). In sum, Defendant's failure to point to record evidence in its initial brief that Ms. Houle was better qualified prevents the Court from concluding that Plaintiff would be unable to meet its burden at trial that Ms. Houle was equally or less qualified. Accordingly, Defendant's

---

[7] In its reply memorandum, Defendant does not actually address Ms. Houle's qualifications in the context of the prima facie case. Instead, Defendant argues that it had legitimate business reasons for hiring Ms. Houle. (Reply at 6.)

motion for summary judgment on Count I of the TAC is denied.

B. Retaliation Claim

To establish a prima facie case for retaliation, Plaintiff must show that 1) he engaged in protected activity; 2) he suffered an adverse employment action and 3) there is some causal relationship between his protected activity and the adverse employment action. See Holifield, 115 F.3d at 1566. "To meet the causal link requirement, the plaintiff `merely has to prove that the protected activity and the negative employment action are not completely unrelated'" Id. quoting E.E.O.C. v. Reichhold Chemicals, Inc ., 988 F .2d 1564, 1571-72 (11th Cir. 1993). However, "[t]he plaintiff must at least establish that the employer was actually aware of the protected expression at the time the employer took adverse employment action against the plaintiff." Holfield, 115 F.3d at 1566 citing Goldsmith v. City of Amore, 966 F.2d 1155, 1163 (11th Cir. 1993); Weaver v. Casa Gallardo, Inc., 922 F .2d 1515, 1524 (11th Cir. 1991).

Here, the record evidence undisputedly demonstrates that the transfer of Plaintiff to an elementary school and the placement of Plaintiff in an allegedly undesirable office setting occurred prior to the filing of the EEOC Complaint. Indeed, Plaintff's own sworn statements, in support of his EEOC charge, reflect this fact. As such, there is no disputed issue of fact that the acts of which Plaintiff complains as retaliatory occurred prior to the filing of his November 2005 EEOC complaint. Thus, the Court will grant summary judgment on behalf of Defendant for Count II of the TAC.

IV. Conclusion

Accordingly, for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (DE 81) is **GRANTED IN PART AND DENIED IN PART.** Summary judgment is denied as to Count I, but granted as to Count II and III.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of October, 2008.

KENNETH A. MARRA
United States District Judge